IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABEL LUCIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 08 C 6128 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Abel Lucio ("Lucio") has petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that Lucio's trial counsel and appellate counsel were both constitutionally ineffective and the State presented insufficient evidence to convict Lucio on one count of armed robbery. For the reasons set forth below, Lucio's § 2254 petition is denied.

BACKGROUND

Lucio does not contest the following facts, which are set forth in further detail in *People v. Lucio*, No. 1-03-1437, slip op. at 1-4 (Ill. App. Ct. 1st Dist. Dec. 8, 2004) (Dkt. No. 14, Gov't Ex. D):

In the early morning hours of August 5, 2001, three men broke into the home of Carmen Marquez ("Marquez"). At home with Marquez were her two children, her cousin Macario Lopez ("Lopez"), and her brother Juan Rodriguez ("Rodriguez"). One of the intruders, later identified by Marquez as Lucio, proceeded to demand money at gunpoint from Marquez. Marquez complied and provided him with $500 in cash, as well as some jewelry. The same intruder also took some compact discs and a cellular phone from the home.

Later that same morning Marquez reported the crime to police officer Al Wilcox, who took descriptions from Marquez and one of her daughters. These descriptions were used to create computer generated composite sketches of the three men who broke into the home. On August 7, 2001, Marquez and Lopez each picked Lucio out of a six man photo array prepared by Officer Wilcox. Rodriguez viewed a similar array of photos, but identified a man other than Lucio. Lucio was arrested on August 7, 2001 and charged with three counts each of home invasion, armed robbery, residential burglary, and aggravated unlawful restraint, as well as one count of armed violence.

At trial, Lucio pleaded not guilty to all charges. During his testimony, Lucio emphasized that Marquez and her husband, Plimio Estefania ("Estefania"), were previously acquainted with Lucio. Lucio testified that he had purchased drugs from Estefania on approximately eight occasions, three of which were witnessed by Marquez.

On July 1, 2002, Lucio was convicted on all counts. After merging certain counts, the trial judge imposed a 20-year sentence on Lucio for the home invasion conviction. The court also imposed three 15-year sentences for armed robbery with a firearm, each to run concurrently with the sentence for home invasion, and a 15-year enhancement to the home invasion conviction pursuant to 720 Ill. Comp. Stat. 5/12-11(c), because Lucio was armed with a handgun at the time of the offense.

## PROCEDURAL HISTORY

Lucio challenged his sentences on direct appeal. In relevant part, the appellate court found the 15-year enhancement for home invasion with a handgun to be unconstitutional and reversed one of the armed robbery convictions because there was insufficient evidence that Lucio

had actually taken property from Rodriguez. The Supreme Court of Illinois denied Lucio's petition for leave to appeal, but directed the appellate court to reconsider its decision to vacate the 15-year enhancement in light of *People v. Herron,* 830 N.E.2d 467 (Ill. 2005). *People v. Lucio*, 834 N.E.2d 908, 908 (Ill. 2005). On remand, the appellate court reinstated the 15-year enhancement. *People v. Lucio*, No. 1-03-1437, slip. op. at 14 (Ill. App. Ct. 1st Dist. Jan. 8, 2006) (Dkt. No. 14, Gov't Ex. H.)

Concurrent with the appellate court proceedings, Lucio filed a *pro se* post-conviction petition in the Circuit Court of Cook County. Lucio asserted in this petition that his trial counsel was ineffective during plea negotiations for two reasons: 1) failing to inform Lucio that the 15-year enhancement for home invasion with a handgun would raise Lucio's sentencing range from 6-30 years to 21-45 years; and 2) failing to tell Lucio that Rodriguez and Estefania would not testify at Lucio's trial. The Circuit Court of Cook County summarily dismissed this petition, finding it was patently without merit. *People v. Lucio*, No. 1-04-2386, slip. op. at 3 (Ill. App. Ct. 1st Dist. July 27, 2007) (Dkt. No. 14, Gov't Ex. N) (tracing the procedural history of Lucio's claims before ruling on appeal). Lucio argued to the appellate court that his ineffective assistance of counsel claim should not have been dismissed because it raised the "gist of a meritorious constitutional claim." *Id.* The appellate court considered Lucio's argument and affirmed the summary dismissal. *Id.* at 11. The Supreme Court of Illinois denied Lucio's petition for leave to appeal in *People v. Lucio*, No. 105181 (Ill. 2007). (*See* Dkt. No. 14, Gov't Ex. P.)

Lucio timely filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on October 27, 2008. Lucio claims his trial counsel was ineffective for three reasons: 1) failing to advise Lucio during plea negotiations that the 15-year enhancement would raise the

3

sentencing range for a conviction for home invasion with a handgun; 2) failing to tell Lucio during plea negotiations that Rodriguez and Estefania would not testify at trial; and 3) failing to call Rodriguez and Estefania as witnesses at trial. Lucio also claims his appellate counsel was ineffective for not bringing trial counsel's failure to call Rodriguez and Estefania as witnesses to the attention of the appellate court. Finally, Lucio claims the State presented insufficient evidence to support his conviction for armed robbery of Rodriguez.

## LEGAL STANDARD

Federal habeas review of Lucio's convictions is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Julian v. Bartley*, 495 F.3d 487, 492 (7th Cir. 2007). Under the AEDPA, relief may be granted only if the state court's final decision on the merits of the petitioner's federal claims was "contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The state court's findings of fact are presumed to be correct; however, this presumption can be rebutted if the petitioner presents the court with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

A decision is "contrary to" clearly established federal law if "the state court reached a result opposite to that reached by the Supreme Court on materially indistinguishable facts." *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008) (citing *Terry Williams v. Taylor,* 529 U.S. 362, 405 (2000) and *Jackson v. Miller*, 260 F.3d 769, 774 (7th Cir. 2001)). A state court decision will not be found contrary to federal law merely because it does not rely on or refer to Supreme Court precedent. *Daniels v. Knight,* 476 F.3d 426, 434 (7th Cir. 2007). The inquiry for a federal

court on habeas review is not whether the state court's application of the governing law was erroneous or incorrect, but whether it was objectively unreasonable. *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004).

ANALYSIS

1. Ineffective Assistance of Trial Counsel

Lucio has argued that he was denied the effective assistance of counsel during plea negotiations when his trial attorney failed to advise him that the 15-year enhancement for home invasion with a handgun would raise his sentencing range on conviction. Lucio also argues that his trial counsel was ineffective for not informing Lucio during plea negotiations that Estefania and Rodriguez would not testify at his trial, and for failing to call Estefania and Rodriguez to testify on Lucio's behalf. In affirming the trial court's denial of Lucio's claim of ineffective assistance of counsel in relation to the sentencing enhancement, the appellate court correctly identified the Supreme Court standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). (Dkt. No. 14, Gov't Ex. N at 6 (citing *Strickland*, 466 U.S. at 687-94).) As *Strickland* makes clear, in order to establish a claim for ineffective assistance of counsel, a defendant must (1) show that his attorney's representation fell below an objective standard of reasonableness and (2) demonstrate a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687. The appellate court analyzed Lucio's claim according to the second, or prejudice, prong of the *Strickland* standard as it is adjusted in the context of plea bargaining, though the court chose to cite to Illinois case law. (Dkt. No. 14, Gov't Ex. N at 6 (citing *People v. Paleologos*, 345 Ill. App. 3d 700, 706 (2003)).) Specifically, the appellate court noted the

5

petitioner must show there is a reasonable probability that absent his attorney's deficient advice he would have accepted the plea offer. *See also Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The appellate court found, based on an affidavit attached to the petition and assertions by Lucio throughout the entirety of the petition, that Lucio rejected the plea and chose to go to trial on the belief that he was innocent and not because of his attorney's advice. For this reason, the court concluded that Lucio was not prejudiced by the allegedly deficient performance of his counsel.

Lucio does not specifically argue that the appellate court's decision is contrary to or an unreasonable application of federal law. Instead, he reiterates his argument that his counsel was constitutionally ineffective. The Seventh Circuit has recognized that evidence of a defendant's rejection of a plea on the "belief or hope" that he would not be found guilty is sufficient to defeat the prejudice prong of the *Strickland* analysis. *Watson v. Anglin*, 560 F.3d 687, 691 (7th Cir. 2009). Further, naked allegations that a defendant would have accepted a plea, but for an allegedly deficient performance by counsel, are not sufficient when weighed against evidence in the record to the contrary. *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006). Though the appellate court did not cite federal law directly in its decision, this factor is not dispositive. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (it is not necessary for a state court to cite to federal laws so long as neither the "reasoning nor the result of the state-court decision contradicts them"). Moreover, because the appellate court found that it was not reasonably probable Lucio would have accepted the plea, the court did not need to address the allegedly deficient performance of Lucio's trial counsel. *Berkey v. U.S.*, 318 F.3d 768, 772 (7th Cir. 2003) (concluding that "[a court] need not consider the first prong of the *Strickland* test if [it] find[s] that counsel's alleged deficiency did not prejudice the defendant").

Based on the above analysis, this court cannot find that the appellate court's decision was contrary to, or an unreasonable application of, federal law. Lucio has also failed to offer clear and convincing evidence that the appellate court erred in finding that Lucio rejected the plea because he believed he was innocent, and not because of trial counsel's lack of advice during sentencing. The evidence in the record suggests that this finding was indeed reasonable. *See, e.g.,* Dkt. No. 14, Gov't Ex. N at 7 (quoting from Lucio's affidavit "That, I did not accept the plea offers made to me by the state of 10 years prior to trial, and 6 years just before jury selection, because I am not guilty of every charge I am now convicted of.") Lucio's ineffective assistance of counsel claim is therefore denied insofar as it is based on counsel's failure to advise Lucio as to the relevant sentencing enhancement.

Next, the appellate court addressed Lucio's argument that counsel was ineffective for failing to inform Lucio during plea negotiations of the potential unavailability of Estefania and Rodriguez at trial. The appellate court viewed Lucio's claim through the lens of the Illinois Post-Conviction Hearing Act (725 Ill. Comp. Stat. 5/122-2), which requires a defendant seeking post-conviction relief to provide affidavits, records, or other evidence supporting his allegations, or state why such materials are not attached. The court did not reach the substantive merits this claim, but concluded that Lucio's failure to provide affidavits from Estefania and Rodriguez regarding their anticipated testimony made summary dismissal by the trial court appropriate pursuant to the Illinois Post-Conviction Hearing Act. Lucio has argued that the appellate court was misguided in concluding that affidavits were required from Estefania and Rodriguez, and that he should have been granted a hearing on his ineffective assistance of counsel claim.

7

This court may not review a petition for a writ of habeas corpus where the state court's decision rests on a state procedural rule independent from the petitioner's federal claim, unless the petitioner can demonstrate cause and actual prejudice, or if the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Smith v. Gaetz*, 565 F.3d 346, 351 (7th Cir. 2009). Where a state court relies upon Illinois' requirement that post-conviction petitions have either affidavits from witnesses, or explanations why these affidavits cannot be obtained, a federal court is precluded from reviewing this decision under § 2254. *U.S. ex rel. Novak v. Grankey*, 871 F. Supp. 1053, 1056 (N.D. Ill. 1995). Although Lucio has argued that the appellate court should not have relied on Illinois' procedural rule, he has not demonstrated any prejudice resulting from the appellate court's ruling, nor has he argued that a fundamental miscarriage of justice will result from this court's failure to review his claim. Accordingly, this court finds that it is precluded from reaching the merits of Lucio's argument on this point.

Finally, Lucio argues ineffective assistance of counsel based on his trial counsel's failure to call Estefania and Rodriguez as witnesses at trial. This claim was not raised before the state appellate court or the state supreme court. Section 2254 restricts habeas review to federal claims that were adjudicated on their merits in state court, such that the petitioner has exhausted the remedies available in the state court. 28 U.S.C. § 2254; *Malinowski v. Smith*, 509 F.3d 328, 332-33 (7th Cir. 2007). This means a petitioner must have presented his or her federal claim through one complete round of review in the state courts, including a petition for discretionary review to the state supreme court, if available. *O'Sullivan v. Boerckel* 526 U.S. 838, 845 (1999). Failure to present the claim to each level of the state court will result in procedural default of the claim.

*O'Sullivan*, 526 U.S. at 848. Federal courts will consider procedurally defaulted claims only if the petitioner establishes cause and prejudice for the default, or the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Coleman*, 501 U.S. at 750).

As stated above, Lucio failed to present his argument regarding his counsel's failure to call witnesses to either the appellate court or the state supreme court. This argument is therefore procedurally defaulted. Lucio has not argued that he had cause for the default, nor has he otherwise explained why the issue was not raised in his post-conviction proceedings.[1] Additionally, Lucio has not demonstrated prejudice by including supporting affidavits from Estefania and Rodriguez as to their expected testimony at trial. *See United States v. Ashimi*, 932 F.2d 643, 649 (7th Cir. 1991) (holding that evidence about the testimony of a putative witness must be presented in the form of affidavits to satisfy the prejudice prong of the *Strickland* analysis). Because it has been procedurally defaulted this court is barred from reviewing Lucio's claim regarding his attorney's failure to call witnesses at trial.

2.  Ineffective Assistance of Appellate Counsel

Lucio argues his appellate counsel on direct appeal was ineffective for failing to bring before the appellate court the issue of Lucio's trial counsel's failure to call Estefania and Rodriguez as witnesses. This claim too is procedurally defaulted as it was never brought to the attention of the state courts during Lucio's post-conviction proceedings.

---

[1] Lucio does argue that he had cause for not rasing this issue on direct appeal, due to the ineffective assistance of his appellate counsel. However, this argument does not explain Lucio's failure to raise the issue to the state courts during his post-conviction proceedings.

3.  <u>Insufficient Evidence to Sustain the Conviction for Armed Robbery of Rodriguez</u>

Finally, Lucio has argued that the state failed to present sufficient evidence that property was taken from Rodriguez, and therefore Lucio's conviction for the armed robbery is unsustainable. It appears from the record that this conviction was overturned by the appellate court following Lucio's direct appeal, and Lucio's argument is therefore moot. (Dkt. No. 14, Gov't Ex. H at 13.)  However, even if this conviction has not been overturned, Lucio's argument is nevertheless procedurally defaulted because he failed to raise it before the state appellate court or state supreme court. *O'Sullivan*, 526 U.S. at 848.

## CONCLUSION

For the reasons set forth above, Lucio's petition for a writ of habeas corpus is denied.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: August 14, 2009